NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KG SCHIFFFAHRTSGESELLSCHAFT MS PACIFC WINTER MBH & CO., <br><br> Petitioner, <br><br> v. <br><br> SAFESEA TRANSPORT INC., <br><br> Respondent. | Civil Action No. 19-4869 (CCC) (SCM) <br><br> **OPINION** |

**CECCHI, District Judge.**

Petitioner KG SCHIFFFAHRTSGESELLSCHAFT MS Pacific Winter MBH & CO. ("Petitioner") moves to confirm a foreign arbitration award and to enter judgment against Respondent Safesea Transport Inc. ("Respondent") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. ECF No. 3. Respondent opposes the motion. ECF No. 7. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Petitioner's motion to confirm the foreign arbitration award and for entry of judgment.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This is an action arising under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA") and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") to recognize, enforce, and confirm a foreign arbitration award.

Petitioner and Respondent entered into a charter party agreement on December 14, 2016 whereby Petitioner, as owner of the ocean-going vessel the MS Pacific Winter, agreed to charter the vessel to Respondent for a voyage. ECF No. 3-2. The agreement contained an arbitration clause requiring the parties to arbitrate any disputes in cases where the claim amount is between $50,000-$400,000. Id. After disputes arose between the parties concerning Respondent Safesea's performance of its obligations under the agreement, Petitioner demanded arbitration. ECF No. 4 at 3. The parties subsequently engaged in arbitration in London. Id. at 2-3. On February 15, 2018, the arbitrator rendered a fifteen-page Final Arbitration Award ("Award") in favor of Petitioner in the amount of $122,367.86, including the principal amount of the award, as well as costs and interests. Id. at 5-7.

Thereafter, Petitioner filed the instant motion to confirm a foreign arbitration award and for entry of judgement pursuant to the FAA. ECF Nos. 3 & 4; *see also* 9 U.S.C. § 207 ("[A]ny party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration."). Respondent filed a brief in opposition to the motion (ECF No. 7) and Petitioner later submitted a responsive brief (ECF No. 10).

## II. DISCUSSION

The United States acceded to the Convention to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974); *Admart AG*, 457 F.3d 302, 307 (3d Cir. 1006). Thereafter, Congress enacted the FAA to codify the United States' accession to the Convention. 9 U.S.C. § 201 ("The Convention on the Recognition and

2

Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States Courts in accordance with this chapter."). Under the FAA, an "arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in Section 2 of this title, falls under the Convention." 9 U.S.C. § 202. The parties do not dispute the applicability of the FAA and the Convention to this matter.

In reviewing a foreign arbitration award decided pursuant to the Convention, "a district court's role is limited—it must confirm the award unless one of the grounds for refusal specified in [Article V of] the Convention applies to the underlying award." *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006); 9 U.S.C. § 207 ("The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."). The party opposing confirmation has the burden of demonstrating that there is a defense to recognition and enforcement under Article V of the Convention. *E. Land Retail LTD v. Sky Mart Global LLC*, 2014 WL 6635018, at *4 (D.N.J. Nov. 21, 2014). Here, Respondent contends that the foreign arbitration award at issue should not be enforced based on two grounds listed in Article V of the Convention: (1) Petitioner has not met the authentication requirement and (2) the enforcement of this award would be contrary to public policy. ECF No. 7 at 4-7. Petitioner counters that the arbitration award is authentic and that public policy commands enforcement of the award. ECF No. 10 at 2-5. For the reasons set forth below, the Court confirms the foreign arbitration award and enters judgment.

First, Respondent argues that Petitioner has not meet the authentication requirement of the Convention "as the copy of the award submitted by Petitioner has simply been identified by

3

Petitioner's U.S. counsel who did not participate in the London arbitration." ECF No. 7 at 4. The Court does not find any reason that this Award should be deemed unauthentic. Petitioner submitted the signed and dated Award as an exhibit to its motion. ECF No. 3-2. Moreover, Petitioner further provided a declaration of counsel Michael Biltoo who represented Petitioner in the foreign arbitration. ECF No. 10-1. According to Mr. Biltoo, the Award submitted by Petitioner is a true and correct copy of the final arbitration award between the parties. Id. at 4. After review of these submissions, the Court declines to reject this Award on authentication grounds.

Second, Respondent contends that the Award should not be confirmed because grounds exist to refuse to approve the Award under the Convention's public policy exception, which states that enforcement of an arbitration award may be refused if the award would be contrary to the public policy of the country where enforcement is sought. ECF No. 7 at 5-7. According to Respondent, confirmation of this award would violate the basic notions of morality and justice in the United States because the arbitrator declined to enforce the time bar defense against Petitioner in the arbitration proceedings. Id. Petitioner asserts that "American public policy favors enforcement of international arbitration awards without extensive examination of their underpinnings" and that, even assuming the arbitrator's decision was incorrect, it is not this Court's role to review the record of arbitral proceedings for potential errors. ECF No. 10 at 3-4. The Court agrees with Petitioner.

"To carry out the policy favoring enforcement of foreign arbitral awards, courts have strictly applied the Article V defenses and generally view them narrowly." *Admart* AG, 457 F.3d at 308; *see also Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir.1997) ("[T]here is now considerable caselaw holding that, in an action to confirm an

4

award rendered in, or under the law of, a foreign jurisdiction, the grounds for relief enumerated in Article V of the Convention are the only grounds available for setting aside an arbitral award."). The Convention does not sanction the second-guessing of an arbitrator's interpretation of the parties' agreement as this type of judicial review frustrates the basic purpose of arbitration. *Admart* AG, 457 F.3d at 308. Here, the parties were both given the opportunity to raise their arguments concerning the time bar defense during the arbitration proceedings and both sides did so. ECF No. 10 at 5. After considering the parties' arguments, the arbitrator issued a nineteen-page opinion concerning the time bar issue. *Admart* AG, 457 F.3d at 308. Even if the arbitrator's decision was made in error, as Respondent contends, the Third Circuit has held that even manifest disregard of the law does not justify setting aside an arbitration award. *Id.* Accordingly, the Court finds that no grounds exist to refuse to approve the Award and therefore, the Court confirms the Award and enters judgment.

Lastly, the parties disagree about whether Petitioner is entitled to an award of attorney's fees. "In suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification, or if the party resisting arbitration did not have a 'reasonable chance to prevail.'" *Wilkes Barre Hosp. Co., LLC v. Wyoming Valley Nurses Ass'n Pasnap*, 453 F. App'x 258, 261 (3d Cir. 2011); *see also Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982) ("Under the American rule, each party normally must bear the burden of its own legal expenses, including attorneys' fees. One of the narrow exceptions to this rule is a finding that the losing party litigated in bad faith, vexatiously, or for oppressive reasons."). The Court does not find any evidence that Respondent acted without justification or in bad faith. Therefore, the Court denies Petitioner's request for an award of attorney's fees in connection with this proceeding.

## III. CONCLUSION

For the foregoing reasons, this Court confirms the Award and enters judgement in favor of the Petitioner. Petitioner's request for attorney's fees is denied. An appropriate Order follows this Opinion.

DATED: September 22, 2019

_____
**CLAIRE C. CECCHI, U.S.D.J.**